UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AUSTIN RYAN MOORE, | ) | Civil Action No. 4:23-cv-6274-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| NICHOLS DERITIS AND EMERSON L. GROSS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Presently before the court are Plaintiff's Motions to Compel (ECF Nos. 43, 45). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.

## II.     MOTIONS TO COMPEL

Under Federal Rule Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is: (1) relevant to any party's claim or defense; and (2) proportional to needs of the case. In considering proportionality, courts consider (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense outweighs its likely benefits. Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. Id. Under Federal Rule of Civil Procedure 37(a), a propounding party may move for an order compelling discovery where a party fails to respond or provides an evasive or incomplete response. The person "resisting discovery, not the party moving to compel discovery, bears

the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec, Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases). The decision to compel discovery is within the "broad discretion" of the district court. Cook v. Howard, 484 Fed. App'x 805, 812 (4th Cir. 2012).

### A. First Motion to Compel (ECF No. 43)

On September 9, 2024, Plaintiff filed a motion to compel discovery. (ECF No. 43). In the motion, Plaintiff asserts that Defendants did not respond to his discovery requests. The Plaintiff's certificate of service for the motion to compel was dated September 3, 2024. (ECF Nos. 43 at 1 and 7). Defendants filed a response to the second motion to compel stating that they produced numerous video recordings and documents to the Plaintiff with him receiving the requested body worn camera footage on August 9, 2024, and he completed his review of the body worn camera footage on August 12, 2024. (ECF No. 44). Defendants served the remainder portions of the discovery including the Defendants' response to Plaintiff's Interrogatories and Requests to Produce on September 6, 2024. Id. Defendants assert that they provided all non-privileged portions of the Plaintiff's Request for Production and Interrogatories on September 6, 2024. Thus, based on the dates, it appears the responses to discovery crossed in the mail. Additionally, Plaintiff has filed a second motion to compel referencing some of Defendants' responses as incomplete. (ECF No. 45). Therefore, this motion (ECF No. 43) is deemed moot.

### B. Second Motion to Compel (ECF No. 45)

In this second Motion to Compel, Plaintiff asserts that Defendants failed to properly answer Interrogatories numbers 5 and 7. Defendants responded to the Motion arguing that they have properly, fully, and completely answered each of Plaintiff's Interrogatories in accordance with the Federal Rules of Civil Procedure and South Carolina District Court Local Rules.

|   |   |
|---|---|
| **Interrogatory #5**: | Describe the lighting and visibility at the scene of Plaintiff's arrest at the time of his arrest in September 2023. |
| **Answer:** | Defendants would refer to the body worn camera footage previously produced on August 9, 2024. |
| **Interrogatory #7:** | After Plaintiff was violently shoved to the ground and his knee had become broken, describe the actions you took to ensure Plaintiff did not become further injured. |
| **Answer:** | Defendants would refer to the body worn camera footage previously produced on August 9, 2024. |

Plaintiff argues that the answer to each is "inappropriate and intentionally evasive, and Plaintiff asks the Court to compel the Defendants to answer the interrogatory appropriately and honestly." (ECF No. 45 at 2). Defendants argue in response to the motion to compel that they have produced "252 pages of documents to Plaintiff, and 53 video recordings." (ECF No. 49 at 1). Defendants assert that their response to Interrogatory #5 referred to the "body camera footage of Defendants DeRitis and Gross previously produced to and viewed by Plaintiff showing an objective and subjective view of the lighting from the perspective of both Defendants on the date in question." Id.

As to the Motion to Compel Interrogatory # 7, Defendants again referred to the body camera footage of Defendants DeRitis and Gross previously produced to and viewed by Plaintiff, showing an objective and subjective view of the actions taken after Plaintiff's arrest from the perspective of both Defendants on the date in question. Defendants contend that they have "endeavored to work with Plaintiff to provide available responsive information in response to his Interrogatories and that

the production of these videos and the reference to the same meets the discovery requirements.

Defendants assert that they have presented the body worn camera video footage to the Plaintiff, and he has viewed said video. Plaintiff has not denied that he has had the opportunity to view said video. However, the responses to Interrogatories #5 and #7 reference the video but may not be complete responses to the question. The answer must include all information within the party's possession, custody, or control or known by the party's agents. Fed. R. Civ. P. 33(b). Therefore, this motion to compel is granted and Defendants are given ten days to fully respond to Interrogatories #5 and #7 and not simply reference a video viewed by Plaintiff in August 2024.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's First Motion to Compel (ECF No. 43) is deemed moot. Plaintiff's Second Motion to Compel (ECF No. 45) is GRANTED as set forth above.

**IT IS ORDERED.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 29, 2024  
Florence, South Carolina